UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AURELINA LOPEZ MORENO,

    Plaintiff,
v.                                             Case No. 8:22-cv-2820-WFJ-JSS

SENIOR HEALTH-TNF, LLC d/b/a
Whispering Oaks, and BOB MURPHY,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's Motion for Remand and to Hold in Abeyance Defendant's Motion to Dismiss (Dkt. 22). Defendant has not filed a response and the time for doing so has passed. Prior to Plaintiff's filing the motion for remand, Defendant filed a motion to dismiss the amended complaint, to which Plaintiff responded. Dkts. 21, 26. After careful review of the pleadings and applicable law, the Court remands the case for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff Aurelina Lopez Moreno filed an action in state court against Defendant Senior Health-TNF, LLC d/b/a Whispering Oaks ("Whispering Oaks") for violations of the Family and Medical Leave Act ("FLMA"), 29 U.S.C. § 2601 *et seq*. Dkt. 1-1 ¶ 1. Plaintiff was working for Whispering Oaks when her father passed away in early 2020. *Id*. ¶¶ 7–8. She alleged that when she asked for time

off—FLMA leave—she was terminated for "under performance." *Id.* ¶¶ 9–10. The two-count complaint sought redress for FLMA retaliation and for interference with the exercise of lawful rights under the FMLA. *Id.* ¶¶ 13–29.

Whispering Oaks removed the action to this Court on the sole basis of federal question jurisdiction. Dkt. 1. Per the notice of removal, Defendant asserted that [p]ursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over the State Court Action because this civil action arises under the laws of the United States, namely, the [FLMA]." *Id.* ¶ 4. Diversity jurisdiction was neither a basis for removal nor supported by the allegations of the complaint—both Ms. Moreno and Whispering Oaks are domiciled in Hillsborough County, Florida. Dkt. 1-1 ¶¶ 2–3.

Only days after removal, Whispering Oaks filed a motion to dismiss the initial complaint. Dkt. 13. Before Plaintiff timely responded to the motion and before an answer to the complaint was filed, Plaintiff amended the complaint as of right under Rule 15(a), Fed. R. Civ. P. Dkt. 16. The amended complaint drops the FLMA claims and adds a Defendant, Mr. Bob Murphy. Dkt. 16. The amended complaint alleges four state law counts: intentional infliction of emotional distress against each Defendant (Counts I and II); and negligent infliction of emotional distress against each Defendant (Counts III and IV). *Id.* Mr. Murphy is presumably a Florida citizen for purposes of removal because he works at

Whispering Oaks as Plaintiff's supervisor. No allegation in the amended complaint suggests to the contrary.

Whispering Oaks moves to dismiss the amended complaint. Dkt. 21. Plaintiff moves to remand and filed a timely response to the motion to dismiss. Dkts. 22, 26. Whispering Oaks did not respond to Plaintiff's motion to remand, rendering that motion unopposed under Local Rule 3.01(c), M.D. Fla.

## DISCUSSION

Courts may not reach the merits of a pending motion to dismiss unless subject matter jurisdiction lies in the federal district court. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (collecting cases and stating that "[a] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence" of other pending motions). Thus, Plaintiff's motion to remand must be considered prior to Whispering Oaks' motion to dismiss. *See Ruiz v. Ringling College of Art & Design, Inc.*, No. 8:23-cv-1684-CEH-MRM, 2023 WL 2072061, at *2 (M.D. Fla. Feb. 17, 2023) (declining to consider merits of motion to sever and dismiss before determining motion to remand).

Plaintiff seeks to remand pursuant to 28 U.S.C. § 1447(c). Dkt. 22. Section 1447(c) provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Even absent a motion, courts must inquire, *sua sponte*, whether subject matter

jurisdiction exists. *See Am. Tobacco Co.*, 168 F.3d at 410 (stressing federal court's obligation "to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Am. Tobacco Co.*, 168 F.3d at 411.

Where a case is removed pursuant to 28 U.S.C. § 1331, the well-pleaded complaint rule applies to ascertain whether "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1090 (11th Cir. 2002) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Courts look to the operative complaint at the time of removal to determine federal jurisdiction. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007) (recognizing different treatment of cases removed from state to federal court). Whether removal was proper is not determined from the allegations of a later-filed amended complaint.[1] *Id*. ("Later changes to the pleadings do not impact the court's exercise of [federal] jurisdiction.").

Here, the case was properly removed because the complaint filed in state court pleaded claims arising under the statutes of the United States—the FMLA.

---

[1] In cases filed directly in federal court, unlike removed cases, an amended complaint supersedes the original complaint for purposes of determining federal subject matter jurisdiction. *See Pickering v. Noonan*, No. 1:22-cv-295-EM, 2022 WL 4286846, at *2 (S.D. Ala. Sept. 16, 2022) (citing *Pintando,* 501 F.3d at 1243).

Consequently, federal question jurisdiction existed at the time of removal. There was never a basis for diversity jurisdiction under the original complaint because both parties were non-diverse.

Plaintiff was free to amend the complaint as a matter of course—no responsive pleading having been filed. By dropping all federal claims for relief, Plaintiff chooses to pursue only state law causes of action.[2] Whispering Oaks did not remove on the additional ground of supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367, as Plaintiff did not denominate any state law counts in her complaint. Nevertheless, the allegations in the amended complaint arise out of the same nucleus of facts as the initial complaint. To the extent these state law claims fall under supplemental jurisdiction—claims for which this Court would otherwise lack jurisdiction—this case is well-suited for remand. *See*, *e.g.*, *Ciesla v. City of Temple Terrace*, No. 22-cv-1142-CEH-TGW, 2022 WL 1720792 (M.D. Fla. May 27, 2022) (remanding removed case where plaintiff dropped all federal claims in amended complaint); *Pickering v. Noonan*, No. 1:22-cv-295-EM, 2022 WL 4286846 (S.D. Ala. Sept. 16, 2022) (same); *Coquina Crossing Homeowners Ass'n, Inc. v. MHC Operating Ltd. P'ship,* No. 3:21-cv-84-MMH-LLL, 2022 WL 843582 (M.D. Fla. Mar. 22, 2022) (same).

---

[2] Although the parties raise issues concerning an amount in controversy, diversity jurisdiction was never invoked. In any event, the newly added party shares the same citizenship as the original two parties.

Accordingly, the unopposed motion to remand (Dkt. 22) is granted. Defendant Whispering Oaks' Motion to Dismiss (Dkt. 21) is denied as moot and without prejudice. This case is remanded due to lack of federal subject matter jurisdiction. The Clerk is directed 1) to remand this action to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and to transmit a certified copy of this order to the clerk of that court, 2) to terminate any pending motions and deadlines, and 3) to close the case.

**DONE AND ORDERED** at Tampa, Florida, on February 24, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record